El Asilo de Damas *v.* Martínez.

Appeal from the District Court of Ponce.

No. 64.—Decided April 14, 1905.

PLEADINGS—DEMURRER—PARTY PLAINTIFF.—It is necessary to allege in a complaint filed by a legal entity whether such entity is a corporation or not; the authority by virtue of which it acts and whether it owns property and has legal capacity to sue and be sued, otherwise the complaint is subject to demurrer on the ground that there is no party plaintiff.

ID.—MISJOINDER OF PARTIES DEFENDANT.—Where in a complaint it is prayed
that a will be declared null and void, and it appearing therefrom that the
testator left a widow and several children, and the complaint is filed only
against the widow, a demurrer alleging a misjoinder of parties defendant
will be sustained, as the action must be prosecuted against all of the chil-
dren or heirs of the testator.

ID.—AMENDMENTS TO A COMPLAINT.—Where a demurrer has been filed to the com-
plaint alleging that there is no party plaintiff and a misjoinder of the de-
fendants, and that there are not sufficient facts alleged to constitute a
cause of action, the parties may correct this defect by filing an amended
complaint, if the court in the exercise of a sound discretion will permit such ·
amended complaint to be filed.

The facts are stated in the opinion.

Mr. *Hernández López,* for appellant. ·

Mr. *Texidor,* for respondent.

MR. JUSTICE MACLEARY delivered the opinion of the court.

This was a suit brought by the Asylum against Mrs. Josefa
Diana Martínez, seeking to nullify the substitution of the
heir of Don Juan Bautista Silva made by Don José Apoli-
nario Laboy, in favor of the minor Don José Laboy y Fer-
nández in a last will and testament which was executed on
the 30th of September, 1895, and in consequence of said nul-
lity to nullify also all the acts of said José Laboy Fernández
as the heir administering the effects of Sr. Silva, including
his will which he had made in favor of Doña Josefa Diana
Martínez dated the 4th of October, 1903, declaring also as
the property of the Asylum the property which constituted
the estate of the said Don Juan Bautista Silva.

The petition filed by the plaintiff in the District Court of
Ponce, the defendant interposed a demurrer founded on a
defect of parties, and that the petition did not set forth facts
sufficient to constitute a cause of action. The district court
sustained this demurrer and rendered judgment in favor of
the defendant, and against this judgment the plaintiff took
his appeal to this court.

First. Naturally the defect of parties would be raised
first to the want of authority in the plaintiff to bring the suit,

and second, to the misjoinder of the defendants, though in the pleadings presented in the record this order is reversed.

In the plaintiff's petition he fails to set forth whether the Asylum which brings the suit is a body corporate or not, and neglects to state under what authority it exists and holds property and claims the right to sue or be sued. In his argument before the Supreme Court he alleges a recognition by the Queen of Spain, but this does not cure the defects in his petition. We must consider this question as it was presented to the court below, which did not have the allegations made here in argument before it. The exception presented by the defendant to the defect in the petition was certainly good in so far as the personality of the plaintiff is concerned. Whether it exists or not, it is not set forth in apt and appropriate terms in the petition, and the court below correctly sustained the demurrer for that reason.

Second. The objections made to the petition for want of a proper joinder of the defendants is also well taken. The suit seeks to set aside the will of José Laboy y Fernández, and it appears from the petition that he not only left a widow, who is made the defendant in the case, but also several children, who are interested of course in his estate, and if the will should be set aside would be prejudiced in their rights or claims to property thereunder.

The attempts made by the plaintiff's counsel in the argument before this court to limit the effect of the suit to the property derived from the estate of Juan Bautista Silva cannot succeed, because we must look to the petition and not to the argument as presented here. The petition does not sufficiently limit the effect of the suit to the property derived from Silva's estate but if carried out to its legitimate results would affect the will in its entirety, and all the property transmitted thereunder.

For this reason the heirs of Laboy y Fernández are proper

parties defendant to the suit, and should have been joined as defendants therein.

It is unnecessary to notice the third point made by the appellee in this case, that the petition shows no cause of action on account of the fact that the event in which Sr. Silva had provided that the estate should go to the Asylum had not taken place, inasmuch as in another suit the petitioner may correct that defect as well as the defect of parties hereinbefore mentioned.

Of course the trial court in the exercise of a sound discretion, under section 140 of the Code of Civil Procedure, will permit the plaintiff to amend its complaint and perfect the same as indicated herein.

For the reasons indicated the judgment of the district court should be affirmed with costs against the appellant.

*Affirmed.*

Chief Justice Quiñones and Justices Hernández, Figueras and Wolf concurred.